UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                       :
ALEJANDRO A. TARIN,                    :
                                       :
          Plaintiff,                   :    Civ. No. 15-6358 (NLH)
                                       :
     v.                                :    OPINION
                                       :
UNITED STATES OF AMERICA,              :
                                       :
          Defendant.                   :
_____:

APPEARANCES:
Alejandro A. Tarin, #15752-047
FCI Fairton
P.O. Box 420
Fairton, NJ 08320
     Plaintiff Pro se

HILLMAN, District Judge

        This matter is before the Court upon receipt of an

application for leave to proceed in forma pauperis pursuant to

28 U.S.C. § 1915(a) filed by Plaintiff Alejandro A. Tarin. (ECF

No. 4).  Plaintiff, a prisoner confined at the Federal

Correctional Institution in Fairton, New Jersey, filed this

civil action asserting claims pursuant to the Federal Tort

Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq. (ECF No.

1).  This case was previously administratively terminated due to

Plaintiff's failure to satisfy the filing fee requirement. (ECF

No. 3).

        On or about October 9, 2015, Plaintiff filed an application

to proceed in forma pauperis (ECF No. 4) and the case was

reopened for review by a judicial officer.  A review of this submission reveals that Plaintiff has filed a complete application which includes a certified prison trust account statement.  However, Plaintiff's application also establishes that he is not indigent and, thus, he is not eligible for in forma pauperis status.

According to Plaintiff's prisoner trust account, as of October 5, 2015, Plaintiff had over $1,038.28 as his available balance. (In Forma Pauperis Application 5, ECF No. 4). Moreover, his Average Daily Balance for the previous 30 days was $1,033.85 and his National 6 Months Average Daily Balance is listed as $2,998.69. (Id.).  Plaintiff also has deposited more than $2,500 in the past 6 months and has withdrawn nearly $6,000 in the same time period. (Id.).  Finally, Plaintiff does not allege that he has any expenses or significant financial obligations.

The in forma pauperis statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); see also Deutsch v. United States, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995).  The Third Circuit has determined that leave to proceed in forma pauperis is based on showing of indigence. See Deutsch, 67 F.3d at 1084 n.5.  A court must first review an applicant's financial statement, and, if

convinced that he or she is unable to pay court costs and filing fees, the court will grant leave to proceed in forma pauperis. Id. However, "[u]nder the [Prison Litigation Reform Act] PLRA, a prisoner who files a civil complaint or an appeal in the federal courts is required to pay the full amount of the filing fee even if s/he is filing in forma pauperis ('IFP')." Siluk v. Merwin, 783 F.3d 421, 423 (3d Cir. 2015), as amended (Apr. 21, 2015), as amended (Apr. 28, 2015); Id. at 424-25 (explaining statutory background of 28 U.S.C. § 1915); see also 28 U.S.C. § 1915(b); Hagan v. Rogers, 570 F.3d 146 (3d Cir. 2009) (holding that the requirement for each prisoner to pay a full fee is simply one price that a prisoner must pay for in forma pauperis status under the PLRA).

The Supreme Court has clarified that one need not be absolutely destitute to qualify for in forma pauperis status. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 69 S. Ct. 85, 93 L. Ed. 43 (1948). Rather, under Adkins, it is sufficient for an applicant to certify that he cannot pay the fee and still be able to provide himself and his dependents with the necessities of life. Id.

In this case, however, Plaintiff is an inmate confined at the Federal Correctional Institution in Fairton, New Jersey. Thus, the majority of his "necessities of life" — including housing, food, clothing, and medications — are provided by

3

prison authorities.  In addition, Plaintiff does not indicate that he has any significant financial obligations, and his prisoner trust account reflects a spending balance in excess of $1,000, with significant withdrawals and deposits having been made in the past 6 months.  Thus, the Court is not convinced that Plaintiff is unable to pay the court costs and filing fees. See Adkins, 335 U.S. 331; Deutsch, 67 F.3d 1080.

Accordingly, his application to proceed in forma pauperis is denied. See e.g., Carter v. United States, No. 14-4741, 2014 WL 4388607, at *1 (D.N.J. Sept. 5, 2014) (determining that prepayment of the filing fee for a civil action would not be too burdensome for prisoner plaintiff within the meaning of the Adkins test); Capalbo v. Hollingsworth, No. 13-3291, 2013 WL 6734315, at *2 (D.N.J. Dec. 19, 2013) (denying in forma pauperis status because "it does not appear that [prisoner applicant's] minimal needs would be left unsatisfied unless he utilizes his funds."); cf. Matthews v. Suggs, 382 F. App'x 125 (3d Cir. 2010) (finding abuse of discretion where district court determined that plaintiff had sufficient funds in his prison account to pay the fee, but failed to take into account plaintiff's other financial obligations).  However, out of an abundance of caution, this denial will be without prejudice.  Plaintiff may renew his request to proceed in forma pauperis by submitting a

revised application which demonstrates that he is indigent within the standard articulated in Adkins.

Finally, the Court notes that Plaintiff has written the words, "Accepted for Value and Honor – Exempt from Levy" across the first two pages of his in forma pauperis application. (In Forma Pauperis Application 1-2, ECF No. 4). Plaintiff has also written across the signature page and states, "For my remedy, release the proceeds, products, accounts, and fixtures in the Orders(s) [sic] to me immediately in the [sic] accordance with the public policy HUR-192, UCC # 10-104." (Id. at 3). Plaintiff then provides an "Exemption No." and a "UCC Contract Account No." (Id.).

The Court is uncertain what Plaintiff means to accomplish by writing across the pages of his in forma pauperis application and by providing this information. As explained to Plaintiff in the Court's previous Order administratively terminating his case, a prisoner who is granted in forma pauperis status will be assessed a filing fee of $350. To the extent Plaintiff asserts that he will be "exempt from levy" of this fee if he is granted in forma pauperis status, he is mistaken.

Plaintiff is hereby informed that, in the event he chooses to resubmit an in forma pauperis application which establishes his indigence under Adkins, then he may be granted in forma pauperis status. If he is granted in forma pauperis status,

then he must pay the full amount of the $350 filing fee, in installments. 28 U.S.C. § 1915(b)(1). Specifically, in each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the Plaintiff's account. 28 U.S.C. § 1915(b)(2).

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's application to proceed <u>in forma pauperis</u> is denied without prejudice. Within 45 days, Plaintiff may renew his request to proceed <u>in forma pauperis</u> by submitting a revised application which demonstrates that he is indigent within the standard articulated in <u>Adkins</u>. Plaintiff is on notice that if he is granted <u>in forma pauperis</u> status, then he must pay the full amount of the $350 filing fee, in installments as explained above. 28 U.S.C. § 1915(b)(1).

s/ Noel L. Hillman____
NOEL L. HILLMAN
United States District Judge

Dated: December 4, 2015

At Camden, New Jersey